UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THERESA A. LOGAN,

                        Plaintiff,

                                                         3:23-CV-0471
v.                                                         (GTS/ML)

NEW YORK MUNICIPAL INSURANCE
RECIPROCAL, for the town of Windsor, NY;
ROBERT BRINK, Snowplow truck driver; and
GREG STORY, Wingman in charge of
snowplow blade,

                        Defendants.
_____

APPEARANCES:

THERESA A. LOGAN
  Plaintiff, *Pro Se*
50 Williams Road
Windsor, New York 13865

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* personal injury action filed by Theresa A. Logan ("Plaintiff") against New York Municipal Insurance Reciprocal for the Town of Windsor and two town employees ("Defendants"), are (1) U.S. Magistrate Judge Miroslav Lovric's Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed, without prejudice and without leave to replead, for lack of subject-matter jurisdiction, (2) Plaintiff's Objection to the Report-Recommendation, and (3) Defendants' response to Plaintiff's Objection. (Dkt. Nos. 5, 6, 7.)  After carefully reviewing the relevant papers herein, the Court can find no error in the Report-Recommendation, clear or otherwise.  Magistrate Judge Lovric employed the

proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds only the following two points.

First, the Court does not possess subject-matter jurisdiction over Plaintiff's Complaint, because (1) the Complaint does not assert any claims arising under the "Constitution, laws or treaties of the United States" pursuant to 28 U.S.C. § 1331 (depriving the Court of federal-question jurisdiction), and (2) there does not exist complete "diversity of citizenship" between Plaintiff and all Defendants (and a minimum of $75,000 in controversy) pursuant to 28 U.S.C. § 1332 (depriving the Court of diversity jurisdiction).[1] As has been explained to Plaintiff in the Report-Recommendation and Defendants' Response to her Objection, this action is duplicative of two prior federal court actions. (Dkt. No. 5, at 1-4; Dkt. No. 7, at 3-9.) Ordinarily, such a fact would result in a dismissal of her Complaint *with prejudice* (not permitting her to re-file it).[2] However, where a Court lacks subject-matter jurisdiction, it also lacks the power to dismiss a complaint with prejudice. This is the case even where, as here, a procedural sanction is clearly warranted. *See Hernandez v. Conriv Realty Asssoc.*, 182 F.2d 121, 122 (2d Cir. 1999) ("[W]e revisit . . . hold that where federal subject matter jurisdiction does not exist, federal courts do not have the power to dismiss with prejudice, even as a procedural sanction.").

---

[1] Plaintiff is respectfully advised that the fact that her Complaint alleges and/or claims that Defendants violated a *state* statute (specifically, N.Y. Vehicle & Traffic Law § 1103[b]) does not mean that her claims arise under "Constitution, laws or treaties of the *United States*. (Dkt. No. 6, at 7.)

[2] This is particularly the case here, where Defendants have argued persuasively that, even if the Court did possess subject-matter jurisdiction, it should dismiss Plaintiff's untimely claims for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 7, at 10-11.)

Second, having said that, this District does possess the power to issue a "Pre-Filing Order" against her, enjoining her from filing any future documents in this Court (including complaints) as a *pro se* litigant without first obtaining leave of the District's Chief Judge. *See, e.g., Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005); *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005); *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996); *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986); 28 U.S.C. § 1651(a).  **Accordingly, Plaintiff is hereby cautioned that, should she again file a complaint in this District arising from the incident underlying the current case, the undersigned (to whom such a related case shall be assigned) will recommend that Chief Judge Brenda K. Sannes direct Plaintiff to show cause why a Pre-Filing Order should not be issued against her**.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice and without leave to amend** for lack of subject-matter jurisdiction; and it is further

**ORDERED** that, should Plaintiff again file an action in this District arising from the incident underlying the current action, it shall be assigned to the undersigned as a "related case" pursuant to Paragraph G of General Order # 12 of the U.S. District Court for the Northern District of New York at which time the Court will consider if an appropriate sanction will be assessed upon plaintiff.

The Court certifies that an appeal from this Decision and Order would not be taken in

good faith pursuant 28 U.S.C. § 1915(a)(3).

Dated: September 8, 2023
      Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge